**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PULTE HOMES OF NEW MEXICO, INC., a Michigan corporation; PULTE DEVELOPMENT NEW MEXICO, INC., a Michigan corporation; and PULTE HOME COMPANY, LLC, a Michigan limited liability company,

Plaintiffs,

v.

Case No. 1:26-cv-01372-MIS-SCY

CINCINNATI INSURANCE COMPANY, an Ohio corporation; ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation; CLEAR BLUE SPECIALTY INSURANCE COMPANY, a Texas corporation; ENDURANCE AMERICAN INSURANCE COMPANY, a Texas corporation; EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation; EVEREST PREMIER INSURANCE COMPANY, a Delaware corporation; GEMINI INSURANCE COMPANY, a Delaware corporation; GUIDEONE NATIONAL INSURANCE COMPANY, an Iowa corporation; HUDSON INSURANCE COMPANY, a Delaware corporation; JAMES RIVER INSURANCE COMPANY, an Ohio corporation; KNIGHT SPECIALTY INSURANCE COMPANY, a Delaware corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation; OBSIDIAN SPECIALTY INSURANCE COMPANY, a Delaware corporation; OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; PELEUS INSURANCE COMPANY, a Virginia corporation; SELECTIVE INSURANCE COMPANY OF AMERICA, a New Jersey

corporation; SENTINEL INSURANCE COMPANY LTD., a Connecticut corporation; and UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,

Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE**

THIS MATTER is before the Court on Plaintiffs' Pulte Homes of New Mexico, Inc., Pulte Development New Mexico, Inc, and Pulte Home Company, LLC. ("Pulte" or "Plaintiffs") Motion to Dismiss, or in the Alternative, to Strike pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and 12(f) for redundancy, respectively. ECF No. 49. For the reasons that follow, the Court will **DENY** the Motion without prejudice.

## I. Relevant Background

On May 1, 2026, Plaintiffs filed a Complaint seeking, inter alia, a Declaratory Judgment against several insurance companies. *See generally*, ECF No. 1. Specifically, Plaintiffs seek a declaration pursuant to N.M. Stat. Ann. § 44-6-4 that (1) "Pulte is an additional insured under each of Defendants' policies;" (2) "Defendants have a duty to fully defend Pulte against" the underlying state law claims; and (3) Defendants must indemnify Pulte for damages arising out of the work or operations of Defendants' Named Insured Subcontractors." *Id.* at ¶¶ 50, 52 (b), (c). The Defendants included Cincinnati Insurance Company ("CIC"). ECF No. 1 at 1.

On June 9, 2026, CIC filed an Answer along with both Cross-Claims and a Counterclaim for Declaratory Relief. *See generally*, ECF No. 15. The Counterclaim broadly "seeks a declaration [pursuant to 28 U.S.C. § 2201, *et seq.*] that there is no coverage under the Commercial General Liability policies issued to its named insureds . . . under which [Plaintiffs] may be an additional

insured or an indemnitee under 'insured contract' in relation to" the underlying state law claims. *Id.* ¶ 2; *see also id.* ¶¶ 40–43 (detailing specific declarations sought).

Then, on July 14, 2026, Plaintiffs filed in the instant Motion to Dismiss, or in the Alternative, to Strike CIC's Counterclaim for Declaratory Judgment. ECF No. 49. CIC filed a Response on July 28, 2026. ECF No. 59. And on August 11, 2026, Plaintiffs filed a Reply. ECF No. 67.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Federal courts may also dismiss claims pursuant to Rule 12(b)(6) "when those claims are duplicative of other claims in the suit," *Sw. re, Inc. v. G.B. Invs. Reins. Co., Ltd.*, 10-cv-00856-BB-WPL, 2011 WL 13114921, at *1 (D.N.M. June 17, 2011), or "strike from a pleading . . . any

redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). Fed. R. Civ. P. 12(f). A duplicative counterclaim, also referred to as a "mirror image" counterclaim, "is generally the *exact opposite* of the original claim with *no added nuances*." *Santa Fe Goldworks, Inc. v. Bella Jewelry, LLC*, No. 23-cv-00602-KK-JMR, 2025 WL 973675, at *3 (D.N.M. Mar. 31, 2025) (quoting *Canon U.S.A., Inc. v. F & E Trading, LLC*, 2:15-cv-6015-DRH-AYS, 2017 WL 4357339, at *10 (E.D.N.Y. Sept. 29, 2017)).

## III. Discussion

Plaintiffs argue that CIC's Counterclaim is redundant because it presents "substantively identical" issues which a decision on its own declaratory relief claim will moot. ECF No. 49 at 4–5. In addition, Plaintiffs argue that CIC's Counterclaim serves no "useful purpose" also because it is redundant. *Id*. at 5–7 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

CIC argues that its Counterclaim is not a redundant "mirror image" claim because it seeks relief different from what Plaintiffs seek in their Declaratory Judgment action. ECF No. 59 at 3. CIC further argues both that in contract interpretation cases like this, dismissal is discouraged because a ruling on one party's interpretation may not establish that the opposing party's interpretation was correct, *id.* at 5, and that Plaintiffs' motion is premature, *id.* at 7. In addition, CIC argues that its counterclaim serves the "useful purpose" of guaranteeing that CIC can secure a judgment, even if CIC seeks voluntary dismissal the case. *Id.* at 9–10.

Initially, Plaintiffs dispute neither that declaratory relief is discretionary to this Court, *see Mhoon*, 31 F.3d at 982–83, nor that CIC's Counterclaim is not sufficiently plausible to meet the

pleading standard. Therefore, the remaining issue is whether CIC's pleading is redundant such that the Court should dismiss or strike the claim. The Court finds that it is not.

Here, CIC has sought affirmative declarations of its own duties under the policy, the sufficiency of its individual investigation to fulfill its duties, as well as declarations of the sufficiency of the allegations in the underlying state case and the facts in this pleading.[1] *See* ECF No. 15 at 23–24 ¶¶ 40–43. By its plain language, therefore, CIC has sufficiently "added nuance" to Plaintiffs' Complaint for Declaratory Judgment which instead seeks declarations of their own statuses and rights as an insured.

Moreover, a "counterclaim seeking a declaratory judgment is not duplicative or redundant if it asserts an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim." *Saenz v. Rod's Prod. Servs., LLC*, No. 2:14-cv-00525-RB-GRW, 2015 WL 12866986 (D.N.M. June 23, 2015) (quoting *Prograde Ammo Grp. LLC v. Perry*, No. 14-cv-00884-PAB-MEH, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015)). That CIC's counterclaim would remain viable after a dismissal of the Plaintiffs' claims is further evidence that it is not the type of redundant counterclaim that should be dismissed or stricken at this stage. If additional factual development in the case strengthens arguments for redundancy, the Court may consider a future motion for dismissal.

[1] The Court also weighs that, under Fed. R. Civ. P. 11(b), counsel for CIC has certified that CIC's Counterclaim has a proper purpose, legal basis, and factual support.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiffs' Pulte Homes of New Mexico, Inc., and Pulte Development New Mexico, Inc. Motion to Dismiss, or in the Alternative, Motion to Strike is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE